**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

|                                        |     |                                      |
|----------------------------------------|-----|--------------------------------------|
| IN RE:  BLAKE ROUSSEL                  | *   | Bankruptcy Case No: 4:11BK14470      |
|                                        | *   |                                      |

|                                        |     |                                      |
|----------------------------------------|-----|--------------------------------------|
| CLEAR SKY PROPERTIES LLC               | *   |                                      |
| and LuANN DEERE                        | *   |                                      |
|                                        | *   | Adversary Proceeding No: 4:11AP01266 |
| Plaintiffs                             | *   |                                      |
| V.                                     | *   | Appeal/                              |
|                                        | *   | District Court No:  4:15CV00212 SWW  |
| BLAKE ROUSSEL                          | *   |                                      |
|                                        | *   |                                      |
| Defendant                              | *   |                                      |
|                                        | *   |                                      |

<u>**ORDER**</u>

Clear Sky Properties LLC ("Clear Sky") and LuAnn Deere ("Deere") commenced this

adversary proceeding, asserting that a state judgment for breach of fiduciary duty owed by Blake

Roussel ("Roussel") is nondischargeable in bankruptcy under 11 U.S.C. §§ 523(a)(4) and

523(a)(6).  The Bankruptcy Court[1] declined to apply collateral estoppel to the state judgment and

found that only a portion of Roussel's  debt was nondischargeable.  Clear Sky and Deere

appealed, and by order entered December 30, 2013, this Court reversed and found that Roussel's

---

[1]The late Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern
District of Arkansas.

entire debt for breach of fiduciary duty is nondischargeable under 11 U.S.C.  §§ 523(a)(4) and 523(a)(6).[2]  Additionally, the Court remanded the case for a determination of  whether any portion of Roussel's related debt for attorney fees and costs is also nondischargeable.  Roussel took a direct appeal, but the Eighth Circuit determined that this Court's order reversing in part and remanding did not qualify as a final, appealable order, and it dismissed the appeal for lack of jurisdiction.  *See In re Roussel,* 769 F.3d 574, 578 (8th Cir. 2014).

On remand, the Bankruptcy Court[3] determined that the attorney fees and costs awarded to Clear Sky in state court are nondischargeable.   Roussel now appeals that decision and also asks this Court to vacate its previous finding that Roussel's entire debt arising from breach of fiduciary duty is nondischargeable.  After careful consideration, and for reasons that follow, the Bankruptcy Court's decision on remand is affirmed, and this Court's previous ruling, that Roussel's judgment debt for breach of fiduciary duty is nondischargeable under §§ 523(a)(4) and 523(a)(6), remains.

## I.

In  2006, Roussel and Deere formed Clear Sky for the purpose of operating a realty business in Conway, Arkansas.  In 2008, while Roussel was still a member of Clear Sky, he opened a real estate office in Conway that competed with Clear Sky.  Subsequently, Clear Sky and Deere sued Roussel in state court, where a jury found that he breached fiduciary duties owed to Clear Sky and Deere and that he breached contractual duties owed to Deere.  Clear Sky's

---

[2]*In Re Roussel*, No. 4:13CV0055 SWW, 504 B.R. 510 (E.D. Ark. 2013).

[3]Following the death of the Honorable James G. Mixon, this case was reassigned to the Honorable Audrey R. Evans, United States Bankruptcy Judge for the Eastern District of Arkansas.  Following Judge Evans's retirement, the case was reassigned to the Honorable Judge Phyllis M. Jones, United States Bankruptcy Judge for the Eastern District of Arkansas,  who authored the final order on remand.

damage award for breach fiduciary duty totaled $300,000, and Deere's damage awards totaled $58,800 for breach of fiduciary duty and $40,000 for breach of contract.

After entry of the state court judgment, Clear Sky and Deere jointly moved for $82,611.25 in attorney fees and $4,912 in costs. The prevailing plaintiffs argued that *both* Clear Sky's operating agreement, which Roussel had entered, and Ark. Code Ann. § 16-22-308 permitted the trial court to award them fees and costs.  Clear Sky's operating agreement provided that in "any dispute arising between or among the members, the losing party shall pay to the prevailing party reasonable costs and expenses incurred in connection . . . with any . . . suit . . . as determined by the . . . court . . . ."[4]  Arkansas Code § 16-22-308, on the other hand, permits a reasonable fee award to a prevailing party in a breach of contract action.

Importantly, Clear Sky and Deere argued that Deere's breach of contract claim was inextricably intertwined with the plaintiffs' breach of fiduciary duty claims, stating:

> The facts proffered and the discovery necessary on the other claims was largely the same as those related to the breach of contract, including the breach of the duty of good faith and fair dealing. The facts and discovery on all claims necessary overlapped. In fact the jury instruction for damages associated with the breach of fiduciary duty claim included one category that was also included on the damages instruction for breach of contract, specifically the personal loans she made to Clear Sky [totaling] $58,800. The jury elected to award these damages to Deere on her breach of fiduciary duty claim.  As these claims were so closely connected, Deere would have incurred the same expense in pursuing only the breach of contract claim as she did in pursuing all the claims.[5]

The state court granted the motion for attorney fees and costs, awarding Clear Sky and Deere $82,611.25 in attorney fees and $4,912 in costs.  The state court did not apportion the

---

[4]*See* ECF No. 10-4, at 56-58 (Pls.' Mot. Atty. Fees and Costs), ECF No. 10-4, at 43 (Clear Sky Properties, LLC Operating Agreement, Pt. 7, ¶ 6).

[5]ECF No. 10-5, at 2 (Pls.' Br. Supp. Atty. Fees and Costs).

award between Clear Sky and Deere or their respective claims for breach of fiduciary duty and

breach of contract, nor did it specify whether it made the award pursuant to Clear Sky's

operating agreement or § 16-22-308.   The court's order merely stated as follows:

> Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs.  *Based on the arguments in the Motion and Brief*, the motion is hereby GRANTED and Defendant Blake Roussel is ordered to pay Plaintiffs $82,611.23 in attorneys' fees as well as $2,912 in expenses and costs.[6]

On July 11, 2011,  Roussel filed a voluntary petition for relief under Chapter 7 of the

United States Bankruptcy Code.  Subsequently, Clear Sky and Deere initiated this  adversary

proceeding, asserting that the Bankruptcy Court was bound under the doctrine of collateral

estoppel to declare Roussel's judgment debt for breach of fiduciary duty excepted from

discharge under 11 U.S.C. §§ 523(a)(4) and 523(a)(6).  The parties stipulated that Deere's

$40,000 damage award for breach of contract is dischargeable in bankruptcy, but they disputed

whether Roussel's debt for attorney fees and costs related solely to Deere's breach of contract

claim.

The Bankruptcy Court concluded that the majority of Roussel's judgment debt for breach

of fiduciary duty was dischargeable.  As for Roussel's related debt for attorney fees and costs,

the Bankruptcy Court concluded:

> The award of attorneys fees and costs in state court was based on a contract [the Clear Sky operating agreement] or breach of contract, which is dischargeable in bankruptcy. Therefore, this Court finds that the fees and costs awarded by the state court in the amount of $87,523.25 are dischargeable.

*In re Roussel,* 483 B.R. 915, 925 (Bkrtcy. E.D. Ark.,2012).

Clear Sky and Deere appealed the Bankruptcy Court's decision, and by order entered

---

[6]ECF No. 13, at 150 (Pls.' Ex. #26)(emphasis added).

December 30, 2013, this Court reversed, finding that Roussel's entire judgment debt for breach of fiduciary duty is nondischargeable. Further, in light of this Court's determination that Roussel's entire debt for breach of fiduciary duty is nondischargeable, the Court remanded the case for a determination of whether all or any portion of Roussel's pre-petition debt for attorney fees and costs is also nondischargeable.

## II.

"Ancillary obligations such as attorneys' fees and interest may attach to the primary debt; consequently, their status depends on that of the primary debt." *In re Hunter*, 771 F.2d 1126, 1131 (8th Cir. 1985)(citations omitted). Accordingly, any portion of Roussel's pre-petition debt for attorney fees and costs that attaches to his primary judgment debt for breach of fiduciary duty is nondischargeable. The complication in this case is that throughout the proceeding, the parties have stipulated that Deere's $40,000 state court judgment for breach of contract is dischargeable, and it follows that any portion of Roussel's debt for attorney fees and costs attributable to Deere's breach of contract claim is also dischargeable.

On remand, the Bankruptcy Court attempted to divide the state court's fee award into dischargeable and nondischargeable components. Deere's judgment for breach of contract comprised 40.48583% of her total judgment against Roussel, and the Bankruptcy Court reasoned that the same percentage of Roussel's debt for fees and costs is dischargeable "as to Deere." However, the Bankruptcy Court also recognized that the state court ordered Roussel to pay "Plaintiffs," Clear Sky and Deere, an undivided $86,611.25 in attorney fees and $4,912 in costs. Consequently, the Bankruptcy Court concluded that "to give full effect to the state court award of attorneys' fees and costs to Clear Sky . . . . , as to Clear Sky, the entire . . . award . . . is

nondischargeable."[7]

Roussel appeals the Bankruptcy Court's ruling, asserting two arguments.  First, he reasserts his position that his entire debt for breach of fiduciary duty is dischargeable in bankruptcy.  Roussel suggests that this Court should "review its own prior opinion on appeal" and "reverse its prior holding as erroneous."

Rule 54(b) of the Federal Rules of Civil Procedure authorizes a court to reconsider previous orders.  Such discretion, however, is limited to the law of the case doctrine and "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003)(quoting *Zdanok v. Glidden Co*., 327 F.2d 944, 953 (2d Cir.1964)); *see also Chism v. W.R. Grace & Co.*, 158 F.3d 988, 992 n. 4 (8th Cir.1998)("Motions for reconsideration cannot be used to introduce new evidence that could have been produced while the summary judgment motion was pending.").   Here, Roussel seeks reconsideration based on arguments that the Court has previously considered and rejected, and the Court finds no basis for reconsideration.

Second, Roussel argues that because the dischargeable award to Deere for breach of contract constitutes approximately 10% of the total judgment debt, 10% of the fee award is also nondischargeable.  However, the fees and costs awarded in the state court action are simply not amenable to apportionment according to the dischargeable and nondischargeable parts of the underlying judgment.  The state court awarded Clear Sky and Deere fees and costs based on the

---

[7]ECF No. 1-1 (Order on Remand) at 14.

arguments they presented in support of their motion, which included the assertion that Deere's breach of contract claim was "inextricably intertwined" with the breach of fiduciary duty claims.

Adopting the position that the plaintiffs' claims overlapped and were inextricably intertwined, the state court  did not apportion the fees and costs awarded between the plaintiffs or between the breach of fiduciary duty and breach of contract claims.   Accordingly, Roussel's debt for attorney fees and costs attach to his primary debt for breach of fiduciary duty, and the pre-petition debt for fees and cost is nondischargeble in its entirety.

Although the Bankruptcy Court endeavored to apportion Roussel's debt for fees and costs into dischargeable and nondischargeable components, it found that "as to Clear Sky," the entire debt is nondischargeable.  The practical effect of the Bankruptcy Court's ruling is that Roussel's entire debt for fees and costs is nondischargeable, and with that understanding, the decision of the Bankruptcy Court on remand is affirmed.

## III.

For reasons stated in this order and the Court's order entered on December 13, 2013 in related case *In Re Roussel*, No. 4:13CV0055 SWW, the Bankruptcy Court's original decision on the issue of dischargeability under 11 U.S.C. §§ 523(a)(4) and 523(a)(6) is reversed, and the decision on remand is affirmed.

IT IS SO ORDERED THIS 14th DAY OF AUGUST, 2015.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE